**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

FOSS MARITIME COMPANY,
*Plaintiff*,

v.

CORVUS ENERGY LIMITED,
*Defendant-Appellant*,

v.

1169997 ONTARIO, LTD., DBA
Aspin Kemp & Associates, a
Canadian private limited company,
*Third-Party-Defendant-Appellee.*

No. 15-35859

D.C. No.
2:14-cv-01243-
MJP

OPINION

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted December 8, 2017
Seattle, Washington

Filed December 27, 2017

Before:  Richard C. Tallman and Paul J. Watford, Circuit Judges, and Roger T. Benitez,[*] District Judge.

Per Curiam Opinion

## SUMMARY[**]

### Admiralty

The panel affirmed the district court's grant of summary judgment in favor of the defendant in a third-party contribution and indemnification action concerning fire damage to a tugboat.

Foss Maritime Co., the vessel owner, brought tort and contract claims against Corvus Energy Ltd., which impleaded 11699997 Ontario Ltd. d/b/a Askin Kemp & Associates ("AKA").  Foss added AKA as a defendant and settled with AKA, releasing claims against Corvus for liabilities arising from the actions or inaction of AKA. Corvus then settled with Foss.  AKA successfully moved for summary judgment, seeking to dismiss Corvus's third-party contribution and indemnity action against AKA.

The panel held that Corvus could not seek indemnity against AKA because Corvus settled with Foss and no fact-finder made a determination of fault; Foss explicitly released

---

[*] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

all claims against Corvus related to AKA's wrongdoing; and allowing Corvus's indemnity action would dissuade settlement.

## COUNSEL

Steven William Block (argued), Foster Pepper PLLC, Seattle, Washington, for Defendant-Appellant.

Donald K. McLean (argued), Bauer Moynihan & Johnson LLP, Seattle, Washington, for Third-Party-Defendant-Appellee.

## OPINION

PER CURIAM:

Appellant Corvus Energy Ltd. ("Corvus") appeals from the district court's grant of summary judgment for 1169997 Ontario Ltd., d/b/a Aspin Kemp & Associates ("AKA") in its third-party contribution and indemnity action. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's grant of summary judgment *de novo*. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

In 2010, Foss Maritime Co. ("Foss") and Corvus entered into a contract for Corvus to design, build, and install a hybrid power system on Foss's vessel, the CAMPBELL FOSS. Foss contracted with AKA to integrate the Corvus hybrid power system into the existing diesel power system. On August 20, 2012, the CAMPBELL FOSS suffered a battery fire in one of the modules provided by Corvus. Corvus alleges that the fire occurred because AKA

disregarded Corvus's instruction regarding the proper charging algorithm. AKA counters that Corvus wrote a defective software algorithm for its battery system. An investigation by a team of representatives of Foss, Corvus, AKA, and the Coast Guard found both Corvus and AKA to be at fault for the fire.

In 2014, Foss brought tort and contract claims against Corvus for damage to its tugboat. After Corvus impleaded AKA, Foss amended its complaint to include AKA as a co-defendant. Foss and AKA thereafter settled with Foss explicitly releasing all claims against Corvus "for liabilities arising from the actions or inaction of [AKA]." Corvus then settled with Foss. AKA successfully moved for summary judgment seeking to dismiss Corvus's third-party contribution and indemnity action against AKA. We affirm.

On appeal, Corvus asserts that it should not be barred from seeking indemnity because (1) Corvus and AKA are not joint tortfeasors and AKA is wholly at fault; (2) Corvus could still be held liable under contract and strict liability theories regardless of fault; and (3) the equities lie with Corvus. We find these arguments unavailing.

In *McDermott, Inc. v. AmClyde*, the Supreme Court addressed the issue of whether non-settling defendants in admiralty cases may seek contribution from a settling defendant. 511 U.S. 202 (1994). Establishing that each co-defendant only bears its own proportionate share of liability, the Court held that "no suits for contribution from the settling defendants are permitted, nor are they necessary, because the nonsettling defendants pay no more than their share of the judgment." *Id.* at 209. In its decision, the Court found "three considerations . . . paramount: consistency with the proportionate fault approach of [earlier case law], promotion of settlement, and judicial economy." *Id.* at 211.

We have not yet decided whether the *AmClyde* rule applies to suits for indemnity. Corvus argues that it has a right to tort indemnity, which is available if Corvus paid damages for which it and AKA were jointly liable but which were caused almost entirely by AKA, essentially rendering Corvus liable for AKA's actions. *See* Thomas J. Schoenbaum, Admiralty and Maritime Law § 5-19(2)(a) (5th ed. 2017); 2-1 Benedict on Admiralty § 13 (2017). Contractual indemnity is unavailable because the parties agree that there was no express indemnification agreement between Corvus and AKA. Implied contractual indemnity is generally unavailable outside of the context of personal injury, *see Knight v. Alaska Trawl Fisheries*, 154 F.3d 1042, 1046 (9th Cir. 1998); Admiralty and Maritime Law § 5-9, and this action involves only property damage.

Other courts have barred indemnity and contribution actions by co-defendants in contexts where the proportionate share approach governed the allocation of damages. *See Ondimar Transportes Maritimos v. Beatty St. Props., Inc.*, 555 F.3d 184, 187 (5th Cir. 2009) (holding that *AmClyde*'s proportionate liability scheme bars a settling tortfeasor from seeking contribution from a non-settling tortfeasor); *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 185 (5th Cir. 2009) (holding that a settling tortfeasor may not seek recovery from a non-settling tortfeasor based on an assignment of the property damage claim by the plaintiff); *Murphy v. Fla. Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1315 (11th Cir. 2003) ("No suit for contribution will lie against a nonsettling defendant who is not released from liability, because that defendant remains liable for its proportionate share of damages regardless of the terms of the settlement the other defendant made."); *Koppers Co. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1453 n.15 (3d Cir. 1996) ("[T]he apportioned share set-off rule is superior

to a rule permitting (or requiring) suits for contribution and indemnity because the former rule promotes both judicial economy and settlement—while also avoiding collusive settlement by placing the burden of a low settlement on the plaintiff.").

Here, the proportionate share approach governed the damages Foss sought from AKA and Corvus. Fault-based tort damages are apportioned by proportionate fault. *See AmClyde*, 511 U.S. at 207–08; *United States v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975). We have held that strict product liability damages are also apportioned by proportionate fault in the personal injury context, *see Pan-Alaska Fisheries v. Marine Const. & Design Co.*, 565 F.2d 1129, 1138 (9th Cir. 1977), and we see no reason why that rule should not extend to property damage. *See GIC Services v. Freightplus USA*, 866 F.3d 649, 663–64 (5th Cir. 2017). Unlike in *Evanow v. M/V Neptune*, 163 F.3d 1108 (9th Cir. 1998), a case on which Corvus relies heavily, there was no salvage contract here that determined the division of damages and no judge- or jury-imposed damage award. *See id.* at 1119.

Therefore, Corvus's assertion that it is not at fault but still could have been held liable under contract or strict liability theories is not persuasive in the maritime context. *See Reliable Transfer Co.*, 421 U.S. at 411. Moreover, its failure to litigate against Foss, as plaintiff, precludes Corvus from disrupting AKA's settlement with Foss for *all* claims related to AKA's wrongdoings. To hold otherwise, would "discourage[] settlement and lead[] to unnecessary *ancillary* litigation." *AmClyde*, 511 U.S. at 211 (emphasis added).

Therefore, because (1) Corvus settled with Foss and no fact-finder made a determination of fault, (2) Foss explicitly released all claims against Corvus related to AKA's

wrongdoing, and (3) allowing Corvus's indemnity action would dissuade settlement, contrary to the Supreme Court's rationale in *AmClyde*, we will not disturb the district court's ruling.

Costs are awarded to Appellee.

**AFFIRMED.**